# Exhibit 22

תאריך: כ"ט סיון, תשס"ה  
6 יולי, 2005

תיק מס': 1307/04

בית המשפט הצבאי יהודה

בפני כב' סגן הנשיא: רס"ן רונן עצמון

התביעה הצבאית  
(באמצעות קמ"ש רות צביאל)

נגד

הנאשם: בהאא מוחמד פדל עוף זהאדה   ת.ז. 905653952 / שב"ס - נוכח  
(באמצעות ב"כ עו"ד אנואר אבו עומר - נוכח)

רשמת: טור' ג'סיקה פיליפוביץ'  
מתורגמן: טור' יוסי קטש

אב"ד פותח את הישיבה ומזהה את הנאשם.

**מהלך הדיון**

נאשם: מייצג אותי עו"ד אבו עומר.

הצדדים: הגענו להסדר טיעון במסגרתו התובעת מתקנת את כתב האישום כך שהתיק יידון לפני דן יחיד, וימחקו מספר עבירות, כרשום בכתב האישום שהוגש לביהמ"ש. בכפוף להודאת הנאשם בכתב האישום המתוקן הצדדים יטענו לעונש מוסכם.

בית המשפט מבהיר לנאשם כי אינו כבול להסדר הטיעון שנקשר בין הצדדים.

נאשם: אני מבין שביהמ"ש אינו כבול להסדר, אני מבין את כתב האישום המתוקן ומודה בו.

**הכרעת - דין**

על יסוד הודאתו באשמה, מורשע הנאשם בעבירות המיוחסות לו בכתב האישום המתוקן, דהיינו:

א. חברות ופעילות בהתאחדות בלתי מותרת, לפי תקנה 85(1)(א) לתקנות ההגנה.

ב. קשירת קשר לגרימת מוות בכוונה, לפי סעיף 51(א) לצו בדבר הוראות בטחון וסעיפים 21 ו-22 לצו בדבר כללי האחריות לעבירה.

ניתן והודע היום, 06/07/2005, בפומבי ובמעמד הצדדים.

סגן הנשיא

תובעת: אני מגישה גליון רישום פלילי (מתקבל ומסומן ט/1).

סניגור: אין ראיות לעונש.

תובעת מסכמת: הגענו להסדר טיעון במסגרתו נבקש להשית על הנאשם 78 חודשי מאסר לריצוי בפועל, מאסר מותנה וקנס בסך 5000 ש"ח. הנאשם הורשע בעבירה של קשירת קשר של גרימת מוות בכוונה שנסיבותיה חמורות במיוחד מדובר ב

רס"ן אלינור ברזני  
קצינת העיר נתניה  
4584482

# APOSTILLE
## (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

| | | | | |
|---|---|---|---|---|
| 1. | STATE OF ISRAEL | | מדינת ישראל | .1 |
| 2. | THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS | ברזני אלינור BARAZANI ELINOR | מסמך ציבורי זה נחתם בידי מר/גב' | .2 |
| 3. | ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | | המכהן בתור   קצינת העיר נתניה | .3 |
| 4. | BEARS THE SEAL/STAMP OF THE MINISTRY OF | צבא ההגנה לישראל ISRAELI DEFFENCE | נושא את החותם/חותמת של משרד | .4 |
| 5. | CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | | אושר במשרד החוץ | .5 |
| 6. | THE | 2/10/2011 | ביום | .6 |
| 7. | BY | SHIR TZIKVASHVILY CONSULAR BUREAU שיר ציקבאשוילי חטיבת הקונסולריה | על-ידי | .7 |
| 8. | NO 528203. | | מס' 528203 | .8 |
| 9. | SEAL/STAMP | | חותם/חותמת | .9 |
| 10. | SIGNATURE, JERUSALEM | | חתימה, ירושלים | .10 |

L_C180795

תאריך: כ"ט סיון, תשס"ה
6 יולי, 2005
תיק מס': 1307/04

1 אירועים בהם הנאשם קשר קשר להוציא לפועל פיגועי התאבדות. פעילותו של
2 הנאשם נקטעה רק בשל מעצרו. יחד עם זאת נבקש את ביהמ"ש לתת משקל לעובדה
3 שהקשר הפלילי בו היה מעורב הנאשם היה עדיין בשלביו ההתחלתיים ללא פעילות
4 הכנה מתוחכמת עוד נבקש מביהמ"ש להתחשב בכך שעברו הפלילי של הנאשם אינו
5 מכביד ואינו רלוונטי לעבירות נשוא כתב האישום ובחיסכון בזמן השיפוטי כתוצאה
6 מהודאתו של הנאשם מבלי שנשמעו עדים.
7
8 סניגור מסכם: אבקש לכבד את הסדר הטיעון. העבירה לא יצאה לפועל. היו רק
9 דיבורים ללא מעשים. לא נשמעו עדים בתיק, עברו של הנאשם לא רלוונטי לתיק זה.
10 הנאשם מבקש לפתוח דף חדש.
11
12 נאשם בדברו האחרון: אני מסתפק בדברי הסניגור.



רס"ן אלינור ברגש
קצינת העיר נתניה

נאמן למקור

L_C180796

תאריך: כ"ט סיון, תשס"ה
6 יולי, 2005

תיק מס': 1307/04

## בית המשפט הצבאי יהודה

בפני כב' סגן הנשיא: רס"ן רונן עצמון

**התביעה הצבאית**
(באמצעות קמ"ש רות צביאל)

נגד

הנאשם: בהאא מוחמד פדל עוף זהאדה   ת.ז. 905653952 / שב"ס - נוכח
(באמצעות ב"כ עו"ד אנואר אבו עומר - נוכח)

### גזר-דין

הנאשם הורשע, על פי הודאתו, ובמסגרת הסדר טיעון בעבירה של חברות בחולייה של ארגון החמאס, ובכך שבשלוש הזדמנויות קשר יחד עם חבריו לחולייה זו קשר לביצוע פיגועי התאבדות, שמטרתם גרימת מותם של ישראלים רבים ככל האפשר. אף שהנאשם היה מן הפעילים המרכזיים בקידומו של קשר זה, ואף ניסה לגייס מפגעים אחרים, בסופו של דבר לא יצא הקשר אל הפועל בשל מותו של אחד מהפעילים.

הצדדים הציגו בפני עונש מוסכם, וביקשו שאכבדו. נימוקיהם לעונש היו הודאתו של הנאשם וחיסכון בזמן שיפוטי, העובדה שאין לנאשם הרשעות קודמות בעבירות הרלוונטיות לאישומים שבתיק זה, וכן העובדה שבסופו של דבר לא נגרם נזק ממשי ממעשיו של הנאשם.

אף שפוטנציאל הנזק שיצר הנאשם במעשי הקשר וההכנה שביצע הוא גדול, בסופו של דבר, לאחר ששקלתי את טיעוניהם של הצדדים, החלטתי לכבד את הסדר הטיעון, ולפיכך אני גוזר על הנאשם את העונשים הבאים:

א. 78 חודשי מאסר בפועל אשר יימנו החל מיום מעצרו.

ב. 30 חודשי מאסר על תנאי, והתנאי הוא שבמשך 5 שנים מיום שחרורו ממאסרו לא יעבור על עבירה בה הורשע בתיק זה, או עבירה אחרת שמהותה יצירת סיכון מכוון לחיי אדם.

ג. קנס בסך 5000 ש"ח או 5 חודשי מאסר תמורתו. הקנס ישולם עד למועד שחרורו של הנאשם ממאסרו. תשלום הקנס יהווה תנאי לשחרורו של הנאשם ממאסרו.

זכות ערעור תוך 30 יום מהיום.

ניתן והודע היום, 06/07/2005, בפומבי ובמעמד הצדדים.

סגן הנשיא

נאמן למקור

רס"ן אלינור ברזני
קצינת העיר נתניה
4584482

L_C180797



**Targem Translations**

143 RODNEY STREET
BROOKLYN, N.Y. 11211
TEL. (718) 384-8040
FAX: (718) 388-3516

## Certificate of Accurate Translation

| | |
|---|---|
| Translated document: **L_C180794-7** | Source Language: **Hebrew** |
| Translation date: **April, 28, 2014** | Target Language: **English** |
| Description of Document: **Sentence and Verdict of Bahaa Muhammad Fadel Awf Zahada** | |

Targem Translations, a language services provider in the New York metropolitan area with more than 50 years of professional experience, hereby certifies and states that the above mentioned document has been translated and edited by a team of highly skilled translators and editors who have the background and experience needed to perform the translation and editing. We further certify that, to the best of our knowledge, the translated English document is an accurate translation of the original Hebrew document and that reflects the content and meaning of the original Hebrew document.

Yours Sincerely

Wolf Markowitz, Manager
**Targem Translations**



PROFESSIONAL
TRANSLATIONS
OF FOREIGN
LANGUAGES

תאריך: כ״ט סיון, תשס״ה
6 יולי, 2005

תיק מס׳: 1307/04

בית המשפט הצבאי יהודה

בפני כב׳ סגן הנשיא: רס״ן רונן עצמון

התביעה הצבאית
(באמצעות קמ״ש רות צביאל)

נגד

הנאשם: בהאא מוחמד פדל עוף זהאדה    ת.ז. 905653952 / שב״ס - נוכח
(באמצעות ב״כ עו״ד אנואר אבו עומר - נוכח)

רשמת: טור׳ ג׳סיקה פיליפוביץ׳
מתורגמן: טור׳ יוסי קטש

אב״ד פותח את הישיבה ומזהה את הנאשם.

**מהלך הדיון**

נאשם: מייצג אותי עו״ד אבו עומר.

הצדדים: הגענו להסדר טיעון במסגרתו התובעת מתקנת את כתב האישום כך שהתיק יידון לפני דן יחיד, וימחקו מספר עבירות, כרשום בכתב האישום שהוגש לביהמ״ש. בכפוף להודאת הנאשם בכתב האישום המתוקן הצדדים יטענו לעונש מוסכם.

בית המשפט מבהיר לנאשם כי אינו כבול להסדר הטיעון שנקשר בין הצדדים.

נאשם: אני מבין שביהמ״ש אינו כבול להסדר, אני מבין את כתב האישום המתוקן ומודה בו.

**ה כ ר ע ת - ד י ן**

על יסוד הודאתו באשמה, מורשע הנאשם בעבירות המיוחסות לו בכתב האישום המתוקן, דהיינו:

א. חברות ופעילות בהתאחדות בלתי מותרת, לפי תקנה 85(1)(א) לתקנות ההגנה.

ב. קשירת קשר לגרימת מוות בכוונה, לפי סעיף 51(א) לצו בדבר הוראות בטחון וסעיפים 21 ו-22 לצו בדבר כללי האחריות לעבירה.

ניתן והודע היום, 06/07/2005, בפומבי ובמעמד הצדדים.

סגן הנשיא

תובעת: אני מגישה גליון רישום פלילי (מתקבל ומסומן ט/1).

סניגור: אין ראיות לעונש.

תובעת מסכמת: הגענו להסדר טיעון במסגרתו נבקש להשית על הנאשם 78 חודשי מאסר לריצוי בפועל, מאסר מותנה וקנס בסך 5000 ש״ח. הנאשם הורשע בעבירה של קשירת קשר של גרימת מוות בכוונה שנסיבותיה חמורות במיוחד מדובר ב

רס״ן אלינור ברזני
קצינת העיר נתניה

L_C180794

# APOSTILLE
## (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

| | | | | |
|---|---|---|---|---|
| 1. | STATE OF ISRAEL | | מדינת ישראל | .1 |
| 2. | THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS | ברזני אלינור BARAZANI ELINOR | מסמך ציבורי זה נחתם בידי מר/גב' | .2 |
| 3. | ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | | המכהן בתור קצינת העיר נתניה | .3 |
| 4. | BEARS THE SEAL/STAMP OF THE MINISTRY OF | צבא ההגנה לישראל ISRAELI DEFFENCE | נושא את החותם/חותמת של משרד | .4 |
| 5. | CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | | אושר במשרד החוץ | .5 |
| 6. | THE | 2/10/2011 | ביום | .6 |
| 7. | BY | SHIR TZIKVASHVILY CONSULAR BUREAU שיר ציקבאשוילי חטיבת הקונסולריות | על-ידי | .7 |
| 8. | NO 528203. | | 528203 'מס | .8 |
| 9. | SEAL/STAMP | | חותם/חותמת | .9 |
| 10. | SIGNATURE, JERUSALEM | | חתימה, ירושלים | .10 |

L_C180795

1 אירועים בהם הנאשם קשר קשר להוציא לפועל פיגועי התאבדות. פעילותו של
2 הנאשם נקטעה רק בשל מעצרו. יחד עם זאת נבקש את ביהמ"ש לתת משקל לעובדה
3 שהקשר הפלילי בו היה מעורב הנאשם היה עדיין בשלביו ההתחלתיים ללא פעילות
4 הכנה מתוחכמת עוד נבקש מביהמ"ש להתחשב בכך שעברו הפלילי של הנאשם אינו
5 מכביד ואינו רלוונטי לעבירות נשוא כתב האישום ובחיסכון בזמן השיפוטי כתוצאה
6 מהודאתו של הנאשם מבלי שנשמעו עדים.
7
8 סניגור מסכם: אבקש לכבד את הסדר הטיעון. העבירה לא יצאה לפועל. היו רק
9 דיבורים ללא מעשים. לא נשמעו עדים בתיק, עברו של הנאשם לא רלוונטי לתיק זה.
10 הנאשם מבקש לפתוח דף חדש.
11
12 נאשם בדברו האחרון: אני מסתפק בדברי הסניגור.



רס"ן אלינור ברנט
קצינת העיר נתניה

נאמן למקור

L_C180796

תיק מס': 1307/04                                           תאריך: כ"ט סיון, תשס"ה
                                                                    6 יולי, 2005

# בית המשפט הצבאי יהודה

בפני כב' סגן הנשיא: רס"ן רונן עצמון

**התביעה הצבאית**
(באמצעות קמ"ש רות צביאל)

נגד

**הנאשם:** בהאא מוחמד פדל עוף זהאדה   ת.ז. 905653952 / שב"ס - נוכח
(באמצעות ב"כ עו"ד אנואר אבו עומר - נוכח)

## גזר - דין

הנאשם הורשע, על פי הודאתו, ובמסגרת הסדר טיעון בעבירה של חברות בחולייה של ארגון החמאס, ובכך שבשלוש הזדמנויות קשר יחד עם חבריו לחולייה זו קשר לביצוע פיגועי התאבדות, שמטרתם גרימת מותם של ישראלים רבים ככל האפשר. אף שהנאשם היה מן הפעילים המרכזיים בקידומו של קשר זה, ואף ניסה לגייס מפגעים אחרים, בסופו של דבר לא יצא הקשר אל הפועל בשל מותו של אחד מהפעילים.

הצדדים הציגו בפני עונש מוסכם, וביקשו שאכבדו. נימוקיהם לעונש היו הודאתו של הנאשם וחיסכון בזמן שיפוטי, העובדה שאין לנאשם הרשעות קודמות בעבירות הרלוונטיות לאישומים שבתיק זה, וכן העובדה שבסופו של דבר לא נגרם נזק ממשי ממעשיו של הנאשם.

אף שפוטנציאל הנזק שיצר הנאשם במעשי הקשר וההכנה שביצע הוא גדול, בסופו של דבר, לאחר ששקלתי את טיעוניהם של הצדדים, החלטתי לכבד את הסדר הטיעון, ולפיכך אני גוזר על הנאשם את העונשים הבאים:

א. 78 חודשי מאסר בפועל אשר יימנו החל מיום מעצרו.

ב. 30 חודשי מאסר על תנאי, והתנאי הוא שבמשך 5 שנים מיום שחרורו ממאסרו לא יעבור על עבירה בה הורשע בתיק זה, או עבירה אחרת שמהותה יצירת סיכון מכוון לחיי אדם.

ג. קנס בסך 5000 ש"ח או 5 חודשי מאסר תמורתו. הקנס ישולם עד למועד שחרורו של הנאשם ממאסרו. תשלום הקנס יהווה תנאי לשחרורו של הנאשם ממאסרו.

זכות ערעור תוך 30 יום מהיום.

ניתן והודע היום, 06/07/2005, בפומבי ובמעמד הצדדים.

סגן הנשיא

נאמן למקור

רס"ן אלינור ברזני
קצינת העיר נתניה

L_C180797

Date: 29 Sivan, 5765  
July 6, 2005  
Case no.: 1307/04

# Military Court - Judea

**Appearing before the honorable Deputy Chief Justice: Major Ronen Atzmon**

**The Military Prosecution**
(Represented by Law Officer Ruth Tzviel)

vs.

**Defendant: Bahaa Muhammad Fadel Awf Zahada I.D. 905653952, Prison Service - present**
(Represented by counsel, Atty. Anwar Abu Omar - present)

**Court reporter: Private Jessica Phillipowitz**
**Interpreter: Private Yossi Katash**

[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria

--------------------------------------------------------------------------------

**The presiding judge opens the session and identifies the defendant.**

## Proceedings of the Hearing

The Defendant: Atty. Abu Omar is representing me.

The parties: We have reached a plea bargain whereby the prosecution will amend the charges so that the case will be judged by a sole judge, and some of the offenses will be deleted from the indictment that was submitted to the court. In conjunction with the defendant's confession to the revised indictment, the sides will motion for a jointly reached sentence.

**The court has clarified to the defendant that it is not bound by the plea bargain that was contracted between them.**
The Defendant: I understand that the court is not bound by the agreement. I understand the revised indictment and I admit to it.

## Verdict

Based on his guilty plea the defendant is convicted of the crimes attributed to him in the revised indictment, as follows:
A. Membership in an illegal organization – in accordance with Section 85(1)(a) of the Defense Regulations.

B. Conspiracy to intentionally commit murder – in accordance with Section 51(a) of the Security Orders and Section 21, 22 of the Order Regarding the Rules of Criminal Liability.

**Handed down and published on July 6, 2005 in open court and in the presence of the two parties.**
[signature]
**Deputy Chief Justice**

The Prosecutor: I am submitting the criminal charge sheet (accepted and marked, T/1).

Defense Counsel: There is no evidence in support of sentencing.

Prosecutor's Summary: We have reached a plea bargain under which we request to sentence the defendant to 78 months of imprisonment, prison on probation, and a fine of NIS 5,000. The defendant was convicted of the crime of conspiracy to intentionally cause death under especially aggravating circumstances. This is in relation to three

L_C180794

[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482.
Major Elinor Barazani, District Officer, Netanya

# APOSTILLE
## (CONVENTION DE LA HAYE 5 DU OCTOBER 1961)

| # | | | | # |
|---|---|---|---|---|
| 1. | STATE OF ISRAEL | | מדינת ישראל | .1 |
| 2. | THIS PUBLIC DOCUMENT HAS BEEN SIGNED BY MR./MS | ברזני אלינור BARAZANI ELINOR | מסמך ציבורי זה נחתם בידי מר/גב׳ | .2 |
| 3. | ACTING IN THE CAPACITY OF NATANIA CITY OFFICER FOR MILITARY MATTERS | | המכהן בתור קצינת העיר נתניה | .3 |
| 4. | BEARS THE SEAL/STAMP OF THE MINISTRY OF | צבא ההגנה לישראל ISRAELI DEFFENCE | נושא את החותם/חותמת של משרד | .4 |
| 5. | CERTIFIED AT THE MINISTRY OF FOREIGN AFFAIRS | | אושר במשרד החוץ | .5 |
| 6. | THE | 2/10/2011 | ביום | .6 |
| 7. | BY | SHIR TZIKVASHVILY CONSULAR BUREAU | שיר ציקבאשווילי חטיבת הקונסולריה | .7 |
| 8. | NO 528203. | | מס׳ 528203 | .8 |
| 9. | SEAL/STAMP | | חותם/חותמת | .9 |
| 10. | SIGNATURE, JERUSALEM | | חתימה, ירושלים | .10 |

L_C180795

Date: 29 Sivan, 5765  
July 6, 2005

Case no.: 1307/04

| | |
|---|---|
| events in which the defendant conspired to carry out suicide attacks. The acts of the defendant were thwarted only because the defendant was arrested. We however request that the court take into consideration that the criminal element of the activities in which the defendant was involved, remained in the preliminary planning stages and did not develop further. Additionally, we ask the court to take into consideration that the defendant's criminal past does not add weight or have any relevance to the violations which appear in this indictment, as well as the time the court saved as a result of the defendant's confession and not having to call in witnesses. | 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 |
| Defense Counsel's summary: I request to honor the plea bargain. The offense did not take place. There was only discussion but no action was taken. No witnesses were called to testify for the case and the defendant's past is of no relevance to this case. The defendant wants to start a new chapter. | 9<br>10<br>11<br>12 |
| The Defendant's final statement: I am satisfied with my defense counsel's words. | 13 |

| | |
|---|---|
| [stamp:] Correct copy [signature]<br>[stamp:] Military Appeals Court — Judea and Samaria | [stamp:] District Officer, Netanya. 9338<br>[signature] [stamp:] 4584482.<br>Major Elinor Barazani, District Officer, Netanya |

L_C180796

Date: 29 Sivan, 5765  
July 6, 2005

Case no.: 1307/04

## Military Court - Judea

**Appearing before the honorable Deputy Chief Justice: Major Ronen Atzmon**

**The Military Prosecution**
(Represented by Law Officer Ruth Tzviel)

vs.

**Defendant: Bahaa Muhammad Fadel Awf Zahada I.D. 905653952/ Prison Service - present**
(Represented by counsel, Atty. Anwar Abu Omar - present)

### Sentence

The defendant was convicted in a plea bargain based on his confession of the crime of membership in a Hamas terror cell and that on three occasions, together with other members of his cell, he conspired to carry out suicide attacks whose aim was to kill as many Israelis as possible. Moreover, the defendant was among the central activists in cultivating these contacts and tried to recruit even more attackers. In the end nothing happened due to the death of one of the activists.

The sides have presented me with a jointly reached sentence which they request that I grant. The reasons behind the sentence were the defendant's confession and time saved in court, along with the fact that the defendant has no previous indictments related to the indictment in this case in addition to the fact that in the end, no real damage was done by the defendant's actions.

Although the potential for harm from the defendant's acts of conspiracy and the preparations he made were great, in the end, after weighing claims on both sides, I have decided to honor the plea bargain and therefore I hereby sentence the defendant to the following sentence:

A. 78 months of imprisonment commencing from the day of his arrest.
B. 30 months on probation on condition that for 5 years from his release he will not commit the same violation for which he has been convicted in this case, or for that matter, any other crime that constitutes intentional danger to human life.
C. A fine of NIS 5,000 or 5 of months of imprisonment in lieu of it. The fine will be paid prior to the defendant's release from prison, and is contingent upon it.

**Right to appeal within 30 days from today.**

**Handed down and published today, July 6, 2005 in open court and in the presence of the parties.**
[signature]
**Deputy Chief Justice**

[stamp:] Correct copy [signature]
[stamp:] Military Appeals Court — Judea and Samaria

[stamp:] District Officer, Netanya. 9338
[signature] [stamp:] 4584482.
Major Elinor Barazani, District Officer, Netanya

L_C180797