# Exhibit 46

תאריך : כ"ד תמוז, תשס"ה     תיק מס': 3793/02
31 יולי, 2005

1    **ב י ת   ה מ ש פ ט   ה צ ב א י   י ה ו ד ה**
2
3    **בפני כב' האב"ד: סא"ל שלומי כוכב**
4    **שופט: רס"ן מנחם ליברמן**
5    **שופט: סרן שלמה כ"ץ**
6
7    **התביעה הצבאית**
8    (באמצעות קמ"ש רותי צביאל)
9
10    **נגד**
11
12    **הנאשם : רמדאן עיד רמדאן משאהרה ת.ז 33251034 / שב"ס- נוכח**
13
14    אב"ד פותח את הישיבה ומזהה את הנאשם.
15
16    **גזר דין**
17
18    **כב' השופט סרן שלמה כ"ץ** :
19
20    בהכרעת הדין הורשע הנאשם בעבירות כמפורט להלן :
21

22    א.   עבירה של חברות בהתארגנות בלתי מותרת, עבירה לפי סעיף 85(1) לתקנות ההגנה
23       (שעת חרום), 1945, בכך שהחל מתחילת שנת 2002 ועד ליום מעצרו, היה חבר או פעל
24       כחבר בגדודי עז א-דין אל קסאם, הזרוע הצבאית של ארגון החמאס, שהיא
25       התאחדות בלתי מותרת. הנאשם היה בקשר מתמיד עם פעיל צבאי בארגון בשם עלי
26       עלאן.

27    ב.   עבירה של ביצוע שירות עבור התאחדות בלתי מותרת, עבירה לפי תקנה 85(1)(ג)
28       לתקנות ההגנה (שעת חרום),1945 , בכך שבתחילת חודש יוני 2002 או בסמוך לכך
29       גייס את אחיו פהמי עיד רמדאן משאהרה לשורות גדודי עז א-דין אל קסאם, הזרוע
30       הצבאית של ארגון החמאס, שהיא התאחדות בלתי מותרת.

31    ג.   19 עבירות של גרימת מוות בכוונה , עבירה לפי סעיף 51(א) לצו בדבר הוראות בטחון
32       (יהודה ושומרון) (מס' 378) תשל"- 1970 וסעיף 14 לצו בדבר כללי האחריות לעבירה
33       (יהודה ושומרון), תשכ"ח- 1968, בכך שנטל חלק בשילוחו של המחבל המתאבד
34       מחמד אל רול, אשר התפוצץ ביום 18.6.02 באוטובוס אשר נסע לכיוון צומת פת, הרג
35       19 אנשים ופצע 57 אנשים נוספים. הנאשם הוא זה אשר מסר 1,000 ש"ח לאחיו על
36       מנת שהאחרון יעשה טסט וביטוח לרכבו וכן ימלא דלק. באמצעות רכב זה על פי
37       הוראות הנאשם ביצע אחיו סיורים בירושלים בכדי לאתר מקום לפיגוע המתוכנן.
38       בנוסף הורה הנאשם לאותו פהמי משאהרה לקנות כרטיסיה עבור המחבל המתאבד
39       על מנת שלא יחשדו בו בעלותו לאוטובוס, וכן סקר ביחד עם אחר את תחנת
40       האוטובוס המיועדת לעליית המחבל המתאבד. ביום הפיגוע בהתאם להוראות
41       הנאשם אסף פהמי משאהרה את המחבל המתאבד והביאו למקום הפיגוע. הנאשם
42       שמר על קשר רציף עם המלווה של המחבל המתאבד כשהוא בודק כי אין בדרך
43       נוכחות של כוחות הבטחון הישראליים.

44    ד.   עבירה של נסיון לגרימת מוות בכוונה, עבירה לפי סעיף 51(א) לצו בדבר הוראות
45       בטחון (יהודה ושומרון) (מס' 378) תשל"-1970 וסעיפים 14(א) ו- 19 לצו בדבר כללי
46       האחריות לעבירה (יהודה ושומרון) תשכ"ח – 1968, בכך שבמעשיו אלו אשר תוארו
47       לעיל ניסה לגרום למותם של כל האנשים אשר היו בסביבתו של אותו מחבל מתאבד.
48       בפועל נפצעו 57 אנשים.
49

50    עניינו של תיק זה הוא בפיגוע באוטובוס אשר היה בדרכו לצומת פת בירושלים. כתוצאה מפיגוע
51    זה נהרגו תשעה עשר אנשים :
52

53    א.   ברוך גראוני ז"ל.
54    ב.   רפאל ברגר ז"ל.
55    ג.   מיכל ביאזי ז"ל .
56    ד.   בועז אלוף ז"ל.

-1-

תאריך: כ"ד תמוז, תשס"ה    תיק מס': 3793/02
31 יולי, 2005

1. ה. אלפו אירית היילה ז"ל.
2. ו. הלנה פלגוב ז"ל.
3. ז. לאה ברוך ז"ל.
4. ח. שירי נגארי ז"ל.
5. ט. טטיאנה ברסלבסקי ז"ל.
6. י. גייזל (גילה) נקב ז"ל.
7. יא. ליאת יגן ז"ל.
8. יב. רחמים צדקיהו ז"ל.
9. יג. שני אבי צדק ז"ל.
10. יד. גלילה בוגלה ז"ל.
11. טו. מנדל ברזון ז"ל.
12. טז. הלנה איוון ז"ל.
13. יז. איימן כבהא ז"ל.
14. יח. משה גוטליב ז"ל.
15. יט. ראיסה דיקשטיין ז"ל.

17. כן נפצעו באותו פיגוע נפשע חמישים ושבעה בני אדם ונגרם נזק רב לרכוש.

19. היד רועדת למקרא תוצאות הפיגוע, ורשימת הקורבנות עומדת לה כזעקה אילמת לחומרת
20. תוצאות מעשי הנאשם.

21. התובעת המלומדת ביקשה כי נשית על הנאשם עונש של 19 מאסרי עולם מצטברים, כל מאסר
22. עולם בעבור נפש אחת שנלקחה מאיתנו באותו פיגוע, וכן מאסר עולם נוסף בגין העבירות
23. הנוספות אותן עבר. התובעת טענה בפנינו כי יש לראות בנאשם שותף מלא בפיגוע, בשל מעשיו
24. וההוראות אשר נתן אשר בילתם אולי לא היה יוצא הפיגוע אל הפועל. באמור לעיל אין ספק כי
25. תרומתו של הנאשם לביצוע הפיגוע אינה פחותה משל שאר השותפים.

27. הנאשם טען בפנינו טענות שונות ובהם טענות לגבי דרך ניהול המשפט ודרך התנהלות סנגורו.
28. הובהר לנאשם כי טענות אלו עומדות לו בהליך הערעור אשר הנו זכאי לו על פי דין. הנאשם ציין
29. בפנינו כי הוגש בעניינו הליך בפני בג"ץ, וכי הוא מבקש כי גזירת דינו תדחה עד למתן החלטה
30. בעניינו. תשומת לב הנאשם מופנית לדברי סנגורו בישיבה מיום 30.4.03 שם הוזכר כי החלטה
31. בעניינו צריכה להינתן בימים הקרובים. חזקה כי לו היתה החלטה אשר יש בה בכדי להשפיע על
32. בית משפט זה, היתה זו האחרונה מובאת בפנינו בזריזות הראויה, ומשלא נעשה כן ואף לא ניתן
33. סעד ביניים בעניין זה, שוב אין מניעה כי נמשיך במלאכת גזירת הדין אשר הוטלה עלינו.

35. משכך עומדים פני הדברים, המלאכה העומדת בפנינו ברורה ונהירה. משהשתתף הנאשם בנטילת
36. נפש אחת, אין מקומו בחברת בני אנוש, ואחת דינו להיות מורחק לצמיתות מהחברה. כל שכן
37. שעסקינן בתשע עשרה נפשות. על כך, מידה כנגד מידה יש להשיב לו, ובעבור כל נפש תהא
38. הרחקתו מהחברה לצמיתות.
39. אשר על כן אנו משיתים על הנאשם 19 מאסרי עולם אשר ירוצו במצטבר. על יתר העבירות
40. הנוספות לא נותר לנו אלא להשית על הנאשם עונש מאסר עולם נוסף אשר ירוצה אף הוא
41. במצטבר.

43. **כב' האב"ד סא"ל שלמה כוכב:** אני מסכים.

45. **כב' השופט רס"ן מנחם ליברמן:** אני מסכים.

47. סופו של דבר – הננו גוזרים לנאשם **20 מאסרי עולם מצטברים** זה לזה.

50. **זכות ערעור תוך שלושים יום מהיום.**
51. **ניתן והודע היום, 31/07/05, בפומבי ובמעמד הצדדים.**

54. _____    _____    _____
    שופט              אב"ד              שופט

Case 1:07-cv-00916-DLI-RML   Document 235-46   Filed 02/24/17   Page 4 of 6 PageID #: 14275



**Targem Translations**

143 RODNEY STREET
BROOKLYN, N.Y. 11211
TEL. (718) 384-8040
FAX: (718) 388-3516

## CERTIFIED TRANSLATION

I, Miriam Braver, Project Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language services firm with a track record of providing expert language services to the legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders, are professionally trained and vastly experienced in providing professional legal translations for submission in U.S. courts, from Hebrew into English and vice versa; and they have professionally translated document "**Sentence of Ramadan Eid Ramadan Mushahara / Shaked pp. 170-1**" from Hebrew into English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: July 11, 2014

Miriam Braver

PROFESSIONAL
TRANSLATIONS
OF FOREIGN
LANGUAGES



ROCHAL WEISS
Notary Public, State of New York
Registration No.: 01WE6293785
Qualified in Kings County
Commission Expires December 16, 2017

Date: 24th of Tammuz 5765  
July 31, 2005

Case No.: 3793/02

## Judea Military Court

**Before the Honorable President of the Court: Lieutenant Colonel Shlomi Kochav**

<div align="center">Judge: Major Menachem Lieberman</div>

<div align="center">Judge: Captain Shlomo Katz</div>

**The military prosecution**

(By Judicial Officer Ruthi Tzviel)

<div align="center">-v-</div>

**The Defendant: Ramadan Eid Ramadan Mushahara, Identity No. 33251034 / IPS – Present**

**The President of the Court opens the session and identifies the Defendant.**

<div align="center"><u>**Sentence**</u></div>

<u>**Honorable Judge Captain Shlomo Katz:**</u>

In the verdict, the Defendant was convicted of the following offenses:

A. An offense of membership in an illegal organization, an offense pursuant to Section 85(1) of the Defense Regulations (Time of Emergency), 1945, insofar as from the beginning of 2002 until the day of his arrest, he was a member or acted as a member of the Izz al-Din al-Qassam Brigades, the military arm of the Hamas Organization, which was an illegal organization. The Defendant had constant contact with a military operative in the organization by the name of Ali Alan.

B. An offense of performing a service for an illegal organization, an offense pursuant to Regulation 85(1)(C) of the Defense Regulations (Time of Emergency), 1945, insofar as in early June 2002 or thereabouts, he enlisted his brother Fahmi Eid Ramadan Mushahara into the ranks of the Izz al-Din al-Qassam Brigades, the military arm of the Hamas Organization, which is an illegal organization.

C. 19 offenses of causing intentional death, an offense under Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378) 5730-1970 and Section 14 of the Order regarding Rules of Liability for an Offense (Judea and Samaria), 5728-1968, in that he took part in the dispatch of the suicide terrorist Muhammad al-Ghul, who blew himself up on June 18, 2002 on a bus that was traveling towards Patt Junction, killing 19 people and injuring 57 other people. The Defendant was the one who provided his brother with NIS 1,000 in order for the latter to have his vehicle tested, insured and refueled. Using this vehicle, according to the instructions of the Defendant, his brother conducted reconnaissance of Jerusalem in order to find a location for the planned attack. In addition, the Defendant instructed the same Fahmi Mushahara to purchase a multi-ticket for the suicide terrorist so that he would not be suspected when boarding the bus, and also, along with another person, inspected the bus stop at which the suicide terrorist was scheduled to board. On the day of the attack, according to the instructions of the Defendant, Fahmi Mushahara picked up the suicide terrorist and brought him to the attack location. The Defendant maintained continuous contact with the escort of the suicide terrorist, while checking that there was no presence of Israeli security forces on the way.

D. An offense of attempting to cause intentional death, an offense pursuant to Section 51(A) of the Security Provisions Order (Judea and Samaria) (No. 378) 5730-1970 and Sections 14(A) and 19 of the Order regarding Rules of Liability for an Offense (Judea and Samaria) 5728-1968, in that by carrying out his actions as described above, he attempted to cause the deaths of all of the persons who were in the vicinity of that suicide terrorist. 57 persons were actually injured.

This case deals with an attack on a bus that was on its way to Patt Junction in Jerusalem. As a result of this attack, nineteen people were killed:

A. Baruch Grauni of blessed memory.  
B. Rafael Berger of blessed memory.  
C. Michal Biazi of blessed memory.  
D. Boaz Aluf of blessed memory.

Date: 24th of Tammuz 5765  
      July 31, 2005  
Case No.: 3793/02

E.    Alfu Irit Haila of blessed memory.  
F.    Helena Plagov of blessed memory.  
G.    Leah Baruch of blessed memory.  
H.    Shiri Nagari of blessed memory.  
I.    Tatiana Braslavsky of blessed memory.  
J.    Giselle (Gila) Nakav of blessed memory.  
K.    Liat Yagen of blessed memory.  
L.    Rachamim Tzidkiyahu of blessed memory.  
M.    Shani Avi Tzedek of blessed memory.  
N.    Galila Bugala of blessed memory.  
O.    Mendel Bereson of blessed memory.  
P.    Helena Ivan of blessed memory.  
Q.    Iman Kabha of blessed memory.  
R.    Moshe Gottlieb of blessed memory.  
S.    Raisa Dickstein of blessed memory.  

In the same hei     nous attack, fifty seven people were injured and a large amount of property damage was caused.

Reading the results of the attack causes one's hands to shake, and the list of victims stands as a silent cry of the outcomes of the acts of the Defendant.

The learned Prosecutor asked us to sentence the Defendant to 19 cumulative terms of life imprisonment, each life imprisonment for each soul that was taken from us in that attack, and an additional term of life imprisonment for the additional offenses that he had committed. The Prosecutor argued before us that the Defendant must be considered as a full accomplice to the attack, in view of the actions he took and the instructions he gave, without which the attack may not have taken place. As stated above, there is no doubt that his contribution to the commission of the attack is no less that of the other accomplices.

The Defendant has raised before us various arguments, including arguments concerning the manner in which the trial has been conducted and the conduct of his defense counsel. It was made clear to the Defendant that these arguments were available to him in the appeal proceeding, to which he is entitled by law. The Defendant stated before us that a proceeding had been filed on his matter before the High Court of Justice and that he asked for his sentence to be deferred until a decision on his matter could be handed down. The attention of the Defendant is referred to the statements of his defense counsel in the session on April 30, 2013, in which it was mentioned that a decision in his case had to be handed down in the next few days. It is presumed that if there had been a decision that could have influenced this trial, the latter would have been brought forth before us with due haste, and as this was not done and no interim relief was handed down on this matter, once more there is nothing preventing us from continuing with the act of sentencing that has been imposed on us.

This being the case, the work that we have before us is clear and easy. Since the Defendant participated in taking one life, he has no place in the company of humans and his sentence must distance him permanently from society, even more so considering the case is of nineteen lives. Therefore, the response must be measure for measure, and he is to be distanced from society permanently for each life.

Therefore, we sentence the Defendant to 19 life imprisonment terms that are to be served cumulatively. For the remaining offense we can only sentence the Defendant to another life imprisonment term that will also be served cumulatively.

**Honorable President of the Court Lieutenant Colonel Shlomo Kochav:** I agree.

**Honorable Judge Major Menachem Lieberman:** I agree.

Conclusion – We sentence the Defendant to **20 cumulative life imprisonment terms**.

**A right of appeal within thirty days of today is conferred.**

**Handed down and announced today, July 31, 2005, in public and in the presence of the parties.**

| Judge | President of the Court | Judge |
|---|---|---|